438 So.2d 1288 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Howard DAVIS, Defendant-Appellant.
No. CR83-276.
Court of Appeal of Louisiana, Third Circuit.
October 12, 1983.
*1289 Andre Buisson, Jennings, for defendant-appellant.
W. Gregory Arnette, Jr., Dist. Atty., W.J. Riley, and Jacquelyne Heinen, Asst. Dist. Attys., Jennings, for plaintiff-appellee.
Before STOKER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
A jury found the defendant, Howard Davis, Jr., guilty of two counts of distribution of marijuana, a violation of LSA-R.S. 40:966A, and one count of distribution of cocaine, a violation of LSA-R.S. 40:967 A. The trial judge sentenced the defendant to the Louisiana Department of Corrections for a term of three years at hard labor on each count of distribution of marijuana, and five years at hard labor on his conviction of distribution of cocaine, the sentences to run consecutively. It is from these convictions and sentences that the defendant has perfected three assignments of error:
1. The trial court erred in allowing introduction of testimony tending to establish the offense of distribution of cocaine varying from the information provided by the State in response to defendant's motion for bill of particulars.
2. The trial court erred by allowing introduction of State Exhibits 4 and 5, each being separate certificates from the Southwest Louisiana Criminalistics Laboratory, contrary to LSA-R.S. 15:499, et seq.
3. The trial court erred by imposing an excessive sentence in violation of Article I, Sec. 20 of the Constitution of the State of Louisiana, and in violation of the United States Constitution prohibiting cruel and unusual punishment.
For the following reasons we affirm defendant's convictions and sentences.

FACTS
During the summer of 1981 a confidential informant introduced an undercover narcotics agent for the Louisiana State Police to the defendant. At the first meeting on June 25, 1981, the defendant sold two cellophane bags of a greenish vegetable-like matter to the undercover agent for $30 each. The Acadiana Regional Crime Lab analyzed the greenish vegetable-like material and determined that the substance was marijuana. The undercover agent went to the defendant's residence on July 29, 1981, and purchased another cellophane bag of greenish vegetable-like material for $35. On July 31, 1981, while the undercover agent was at the defendant's residence, the defendant assured the agent he could obtain some cocaine for $100 in New Orleans the next day. The agent gave the defendant $100 and was instructed to pick it up when the defendant returned. On August 1, 1981, the agent returned to the defendant's residence and picked up a small brown bottle containing a white powdery substance.
The agent delivered the greenish vegetable-like material and the white powdery substance to the Southwest Louisiana Criminalistics Laboratory in Lake Charles where it was determined that the greenish vegetable-like material was marijuana and the white powdery substance was cocaine.

ASSIGNMENT OF ERROR ONE
The defendant contends that the trial court erred in allowing the State to introduce testimony which varied from the information *1290 previously furnished in the State's answer to the defendant's motion for a bill of particulars.
The article at issue requested: "At what time of day is it contended that defendant committed the offenses charged?" The State responded that the distribution of cocaine occurred on July 31, 1981, at approximately 9:20 p.m.
During trial, the agent responded that the defendant was given the money for the cocaine purchase on July 31, 1981, at approximately 7:30 p.m. Before he could explain that the defendant delivered the cocaine to him at approximately 9:00 p.m. on August 1, 1981, the defendant objected and requested the court to limit the agent's response to the date of July 31, 1981, provided in the State's answer to the motion for a bill of particulars. After removing the jury from the courtroom, the trial judge overruled the defendant's objection and permitted the agent to testify to the related occurrences of August 1, 1981.
The indictment charged the defendant with distribution of cocaine on August 1, 1981, and the State's answer to the bill of particulars stated July 31, 1981. This offense occurred over a two day period, i.e., the agent gave the money to the defendant to obtain the cocaine on July 31 and the defendant gave the cocaine to the agent on August 1. This was fully set out for the defendant in excess of two months before trial in the State's motion for discovery and inspection, as follows:
"On July 31, 1981, at approximately 7:35 p.m. defendant received the money to purchase cocaine. Defendant was at his residence located at 903 S. Cutting Avenue, Jennings, Louisiana. On August 1, 1981, at approximately 9:00 p.m., defendant handed the cocaine over. The exchange occurred at defendant's residence located at 903 S. Cutting Avenue, Jennings, La."
We find that the defendant was neither surprised nor prejudiced by the agent's testimony concerning the event of August 1, especially since a complete disclosure of the circumstances was provided by the State in its motion for discovery and inspection.
This assignment of error is without merit.

ASSIGNMENT OF ERROR TWO
The defendant alleges that the trial court erred in allowing the State to admit into evidence two certified lab reports which concluded that the evidence purchased from him was marijuana and cocaine. He argues that the State failed to provide him with proper notice required by LSA-R.S. 15:499 et seq.
The State gave notice to defendant of its intent to introduce a certificate from the Southwest Louisiana Criminalistics Laboratory analyzing and certifying the chemical content of the green plant material to be marijuana and the white powder to be cocaine. Two laboratory certificates were attached to the notice; one identifying and certifying the green plant material as marijuana, and the other identifying and certifying the white powder as cocaine. The defendant argues that the terminology of "a certificate" used by the State in its written notice should be strictly construed; therefore, the two separate lab certificates are improper evidence.
We do not find that the defendant was prejudiced in any manner by the State attaching two certificates rather than one certificate, simply because the District Attorney's letter stated it was attaching "a certificate". LSA-R.S. 15:501 specifically requires a letter by the party seeking to introduce a certificate, not less than ten days prior to the commencement of trial giving written notice of intent to offer proof by a certificate which is attached. The certificate shall be received in evidence as prima facie proof of its content and of proper chain of custody of the evidence. LSA-R.S. 15:500. This procedure relieves the party of the burden of having to produce the person who performed any tests on the evidence but allows the opposing party to subpoena under cross-examination the person performing the tests. LSA-R.S. 15:500.
*1291 The defendant was prosecuted for two counts of distribution of marijuana and one count of distribution of cocaine. The certificates are actually certified laboratory reports of the marijuana and cocaine that formed the basis of the prosecution. The State's letter with the attached certificates is dated May 21, 1982; the defendant's trial was on December 1, 1982. The information contained in the certificates could only have been helpful in preparing an adequate defense. We find that the defendant was neither confused nor surprised.
This assignment of error is without merit.

ASSIGNMENT OF ERROR THREE
In his third assignment of error the defendant alleges that the trial court failed to comply with LSA-C.Cr.P. Art. 894.1 and that the sentence imposed was excessive. The defendant was ordered to serve three years at hard labor on each of the two convictions for distribution of marijuana and five years at hard labor for his conviction for distribution of cocaine with the sentences to run consecutively.
The record reflects a presentence investigation was ordered on the defendant. At sentencing, the trial judge made the following observations: the defendant did not have a prior criminal record; he (trial judge) presided at the defendant's trial and heard all of the evidence, and was aware that the jury returned a guilty verdict on all three counts; the three sales of drugs by the defendant to the undercover agent were done blatantly; and, the judge felt the defendant's involvement in illegal drug sales was one of society's worst crimes. The trial judge then particularized article 894.1A to the defendant.
The record reflects that the defendant sold marijuana and cocaine to the undercover agent within a period of two months. There was substantial evidence that marijuana was used regularly at defendant's home and that the defendant's home was being used to supply illegal drugs to various members of the community. The defendant was unemployed and the likelihood that he would commit another crime was great.
On the two counts of distribution of marijuana, the defendant was subject to a possible ten years at hard labor and a $15,000 fine on each count. LSA-R.S. 40:966 B(2). The sentencing judge sentenced him to three years on each count. On the distribution of cocaine, the defendant was subject to a minimum of five years at hard labor and a maximum of not more than thirty years, and a fine of $15,000. LSA-R.S. 40:967 B(1). The sentencing judge sentenced the defendant to five years. The sentences imposed were consecutive. The defendant was sentenced to serve a total of eleven years out of a possible fifty years.
The defendant's sentence is not apparently severe and falls within the lower range. Where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a remand is not necessary for compliance with Article 894.1 governing a judge's reasons for sentence. State v. Jones, 412 So.2d 1051 (La.1982).
We find the record fully supports the sentence imposed. Where the record clearly shows an adequate factual basis for the sentence imposed, a remand to require the trial court to restate for the record matters which are already apparent from the record is unnecessary. State v. Day, 391 So.2d 1147 (La.1980).
A sentence will not be set aside as excessive absent manifest abuse of the trial judge's sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, 367 So.2d 762 (La.1979). The penalty imposed must be so disproportionate to the crime committed, in light of the harm caused society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
We do not find the sentence imposed so disproportionate to the crime committed as to shock our sense of justice.
This assignment of error is without merit.

DECREE
The conviction and sentence of the defendant are affirmed.
AFFIRMED.