484 So.2d 882 (1986)
STATE of Louisiana
v.
Claude HARRISON.
No. 85 KA 0817.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Writ Denied May 16, 1986.
Bryan Bush, Dist. Atty., Baton Rouge, by Michael Erwin, Asst. Dist. Atty., for plaintiff-appellee.
James Farrier, Baton Rouge, for defendant-appellant.
Before GROVER L. COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Claude Harrison was indicted by a grand jury for the first degree murder of Diane Anthony. Defendant pled not guilty to that charge. In court prior to trial on the merits, the state amended the grand jury indictment to second degree murder, a violation of LSA-R.S. 14:30.1. After trial by jury, defendant was found guilty of the amended charge. The trial court sentenced defendant to life imprisonment, without benefit of probation, parole, or suspension of sentence. From this conviction, defendant appeals urging seven assignments of error.[1]
According to the trial testimony of Anthony Reed, he and Diane Anthony were seated on the Anthony front porch one afternoon, when defendant approached the *883 porch and without warning, shot Reed in the face at close range. Defendant then shot Diane Anthony in the head and neck, fatally wounding her. Although wounded and bleeding profusely, Anthony Reed ran from the porch closely pursued by defendant who was still armed and firing. Weakened from the loss of blood, Reed was finally overtaken by the defendant who stood over him and aimed his pistol only to have it misfire. The defendant then fled the scene.
Louis Anthony, Diane Anthony's father, testified that in response to the gun shots he emerged from his kitchen in time to see defendant running down the street firing a gun. Both Anthony Reed and Louis Anthony were well acquainted with defendant. Anthony Reed testified that he had known defendant for most of his life. Louis Anthony stated that his daughter, Diane, had lived for a time with defendant's mother.
ASSIGNMENTS OF ERROR NUMBERS TWO AND FOUR
Assignments of error numbers two and four arise from the trial court's restriction of cross-examination of the state's key witness, Anthony Reed. By means of these assignments of error, defendant contends that the trial court erred by restricting cross-examination of Reed, directed to show bias or prejudice on the part of that witness, in contravention of defendant's constitutional right to confront his accuser. We find that there is merit in these assignments and we are required to reverse.
Reed was a crucial witness for the prosecution, for it was principally by his testimony that the state hoped to identify the perpetrator of this criminal act and the circumstances surrounding the shooting death of Diane Anthony.[2] Apparently trying to blunt the effect of the defense's cross-examination of Reed, the state on direct examination elicited his admission to one felony conviction and numerous misdemeanor convictions. On cross-examination, defense counsel addressed Reed's numerous convictions in more detail. However, after an offering of proof, the trial court ruled that defendant could not in the presence of the jury question Anthony Reed concerning allegations of leverage that the district attorney's office might have over Reed or that Reed might have assumed it had.
The record reveals that out of the presence of the jury, defense counsel questioned Reed about an arrest for burglary on March 25, 1984, and for various weapons charges in 1982. Reed acknowledged that he was aware the aforementioned charges had been dismissed and that the district attorney's office could still reinstate those charges. Reed expressly denied that he had ever considered the impact of the dismissed charges on his testimony in the instant case.
Defendant's attempted cross-examination about the arrests was not for the purpose of impeaching the witness' general credibility. LSA-R.S. 15:495[3] permits cross-examination of a witness as to a conviction as theoretically relevant for jury evaluation of the witness' credibility. However, when impeachment is sought on that ground, the mere fact that a witness has been previously arrested or indicted is not regarded as logically relevant to that purpose, being a mere accusation. State v. Robinson, 337 So.2d 1168 (La.1976).
*884 Rather, the purpose of defendant's questioning was to establish that the district attorney's office had, or Reed believed that it had, leverage over him which might have influenced the giving of his testimony. The purported leverage in this case was certain criminal charges filed by the district attorney against Anthony Reed which, although previously dismissed, were still viable since the prescriptive period for prosecution had not elapsed.
The cross-examination as to these arrests was not within the prohibition of LSA-R.S. 15:495, since it was independently relevant to show particular bias or interest of the witness in the case before the court. It was thus permissible impeachment under LSA-R.S. 15:492.[4]
Our courts have recognized exposure of a witness' motivation in testifying as a proper and important function of the constitutionally protected right of cross-examination. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974); State v. Nash, 475 So.2d 752 (La.1985). The possibility that the prosecution may have leverage over a witness due to the witness' pending criminal charges is recognized as a valid area of cross-examination. State v. Rankin, 465 So.2d 679 (La.1985); State v. Brady, 381 So.2d 819 (La.1980).
The trial court noted in oral reasons that it did not find that Reed subjectively believed the dismissed charges would be reinstated if he failed to cooperate in the prosecution of the instant case. However, to make full use of his constitutionally protected right to confront and cross-examine witnesses, defendant should have been permitted to expose to the jury facts from which it, as the sole trier of fact and credibility, could appropriately draw inferences related to the reliability of this witness. Defendant was thwarted in his efforts to make a record from which to argue why Reed might have been biased.
On these facts, we must conclude that the limitation of defendant's cross-examination was prejudicial to the substantial rights of the accused, both his statutory right to impeach a witness' credibility by showing bias or interest and his constitutional right to cross-examine a witness against him. United States Constitution, Amendment VI, Louisiana Constitution, Article 1, Section 16, LSA-R.S. 15:492, LSA C.Cr.P. art. 921.
Accordingly, defendant's conviction and sentence are reversed and the case is remanded for further proceedings.[5]
REVERSED AND REMANDED
NOTES
[1] Assignments of Error:

(1) The trial court erred by permitting the district attorney to amend the grand jury indictment from first degree murder to second degree murder.
(2) The trial court erred in not allowing defendant to cross-examine the state's identification witness, Anthony Reed, about prior arrests which had not been disposed of, in order to show bias or prejudice.
(3) The trial court erred in not allowing defendant to cross-examine Anthony Reed on his arrest record since the District Attorney had opened the door to such cross-examination.
(4) The trial court erred in limiting defendant's cross-examination of Anthony Reed in contravention of defendant's constitutional right to confront his accuser.
(5) The trial court erred in denying defendant's motion for mistrial based on a police officer's reference to defendant's criminal record.
(6) The trial court committed prejudicial error in his admonishment to the jury with respect to Officer Howle's reference to defendant's criminal record.
(7) The trial court erred in giving jury charges to "other crimes" which were not relevant to this case. It confused the jury and emphasized the criminal record improperly referenced in the police officer's testimony.
[2] Although Louis Anthony testified that he observed defendant running down the street while firing a gun, he could not see whom defendant was pursuing. Additionally, Louis Anthony did not witness the actual shooting of either Anthony Reed or his daughter, Diane Anthony.
[3] LSA-R.S. 15:495 provides as follows:

Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
[4] LSA-R.S. 15:492 provides as follows:

When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
[5] Although defendant has asserted seven assignments of error on appeal, we pretermit consideration of the other assignments because our decision regarding the improper limitation of cross-examination is dispositive of this appeal.