511 So.2d 782 (1987)
CITY OF SHREVEPORT, Plaintiff-Respondent,
v.
Joseph C. BURROUGHS, Defendant-Applicant.
No. 18995-KW.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
Tom N. Thompson, Asst. City Atty., Shreveport, for plaintiff-respondent.
Sockrider, Bolin & Anglin by James E. Bolin, Jr., Shreveport, for defendant-applicant.
Before HALL, C.J., and MARVIN and LINDSAY, JJ.
HALL, Chief Judge.
Defendant-applicant, Joseph C. Burroughs, was tried and convicted in Shreveport City Court of selling alcoholic beverages to a minor in violation of Shreveport City Ordinance § 3-7. After defendant's conviction was affirmed on appeal to the First Judicial District Court defendant filed an application for writ of review in this court. We grant the application and make it peremptory, reverse the conviction, and remand the case to the city court for a new trial.
Defendant assigns as error the trial court's admitting into evidence, over objection, a certificate from the Northwest Criminalistics Laboratory as prima facie evidence of the alcoholic content of the can of beer sold by the defendant to the minor. Defendant argues that the certificate was *783 not admissible as prima facie proof because defendant had subpoenaed as witnesses the persons who made the certificate more than five days in advance of trial. The trial court had allowed the certificate into evidence under a "common sense" interpretation of LSA-R.S. 15:499-501 when the defendant proceeded to trial without asking for a continuance even though the witnesses who were served with the subpoenas were not present at trial.
At the time of trial of this case and prior to amendment by Act 675 of 1986, LSA-R.S. 15:500 provided:
In all criminal cases and in all cases in juvenile or family courts which are of a criminal nature, the courts of this state shall receive as evidence any certificate made in accordance with R.S. 15:499 subject to the conditions contained in this Section. It shall be received in evidence by such court as prima facie proof of its contents and as prima facie proof of proper custody of said evidence from the time of delivery to the laboratory until the time of its removal for transport to court. However, the party against whom the certificate is sought to be used may subpoena the person making the original certificate as if a witness under cross-examination. If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.
The applicable statute is clear and unambiguous. Under the statute, a certificate of a criminalistic laboratory may be received into evidence as prima facie proof of its contents if the party seeking to introduce the certificate gives ten days prior written notice of intent to offer proof by certificate, unless the party against whom such certificate is offered requests a subpoena of the person who made the certificate at least five days prior to the commencement of trial. In the event such a subpoena is requested, the certificate "shall not" be prima facie proof of its contents.
In this case, the defendant against whom the certificate was offered had subpoenaed the persons who made the certificate more than five days prior to the commencement of trial. Accordingly, under the express terms of the statute, the certificate was not admissible as prima facie proof of its contents.
Literal application of the statute does not place an undue burden on the prosecution. When the defendant subpoenas the person who made the certificate more than five days prior to trial, the state is made aware that the certificate will not be admissible into evidence in lieu of the testimony of the person who made the certificate, and it is incumbent upon the state to procure the attendance of the person who made the certificate at trial and to offer his or her testimony to establish the results of the examination as proof of an element of the offense charged. It is the state's burden, not the defendant's, to go forward with proof of the elements of the crime and there is no reason why the defendant should ask for continuance when the subpoenaed witness fails to appear at trial.
The trial court erred in admitting the certificate into evidence and accepting it as proof of its contents. The conviction must be set aside.
For the reasons assigned the writ is granted and made peremptory. The defendant's conviction and sentence are reversed and the case is remanded to the Shreveport City Court for a new trial.
REVERSED AND REMANDED.
LINDSAY, J., dissents and assigns reasons.
LINDSAY, Judge, dissenting.
I respectfully dissent.
In this case, the defendant announced ready for trial and later objected to the introduction of evidence because the witnesses he subpoenaed were not present. The defendant's right to subpoena witnesses and his right of cross-examination are secured by LSA-R.S. 15:500. However, inherent in the right to subpoena witnesses is the duty of defense counsel to act diligently in obtaining the attendance of witnesses.
*784 Here, defense counsel failed to act diligently, for he could have requested a continuance or he could have taken other steps to secure the attendance of his witnesses and protect his right to cross-examination. Therefore, the trial judge did not err in allowing the certificate of analysis to constitute prima facie proof of alcoholic content.
The statute in question provides that if the defense seeks to cross-examine the crime lab witnesses who prepared the certificate or otherwise dealt with the evidence, those witnesses can be subpoenaed. If the subpoenas were issued five days or more before the trial, the defense may obtain a continuance if those witnesses are not present or seek an attachment if they were served. If the witnesses are present, those witnesses must be called and it is their testimony which will determine the admissibility and weight to be given the evidentiary sample sought to be utilized as evidence in the case. The statute does not mean that the mere issuance of the subpoena, without more, and without alerting the court before the trial begins, automatically prohibits the use of the certificate. Further, the mere issuance of the defendant's subpoena by the clerk of court is not notice to the district attorney that the certificate cannot be used as prima facie evidence of its contents.
The judge of the city court and the reviewing judge of the district court were correct.