583 So.2d 911 (1991)
STATE of Louisiana
v.
Saul LANDRY.
No. KA 90 1260.
Court of Appeal of Louisiana, First Circuit.
June 27, 1991.
Camille Morvant, Dist. Atty.'s Office, Thibodaux, for plaintiff-appellee State.
John Jewell Pace, Darrell D. Civitanovich, Anthony J. Hebert, Baton Rouge, for defendant-appellant Saul F. Landry.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
Saul Landry was indicted for distribution of methylenedioxymethamphetamine (ecstasy), a violation of La.R.S. 40:966(A)(1). He pled not guilty and, after trial by jury, was convicted as charged. Prior to sentencing, defendant filed a motion to recuse the sentencing judge, motion for new trial, and motion for post verdict judgment of acquittal. After a hearing before a different judge, the motion to recuse was denied. Before sentencing, the original judge denied the motion for new trial and motion for post verdict judgment of acquittal. Defendant was sentenced to serve a term of fifteen years imprisonment at hard labor, suspended upon defendant *912 serving two years in the parish jail.[1] Defendant then is to serve five years active, supervised probation with the following special conditions: (1) pay a fine of $15,000.00; (2) pay $1,500.00 to Lafourche Parish Sheriff's Office for the cost of the investigation; (3) pay $50.00 per month as a supervision fee; (4) submit to periodic searches; (5) submit to periodic urinalysis or blood testing; (6) not enter any public school grounds without written permission of probation officer; and (7) not enter any place where alcohol is the principal commodity sold.[2] After sentencing, the trial court denied defendant's request for a post-conviction bond pending appeal.
Defendant has appealed, urging seven assignments of error.
On September 29, 1988, Sgt. Mike Couvillon, a narcotics agent with the Vermillion Parish Sheriff's Office, was working an undercover operation for the Lafourche Parish Sheriff's Office. Accompanied by his backup, Agent Mike Fanguy, an officer with the Thibodaux Police Department, and by a confidential informant, Pete Deselle, who testified at the trial, Sgt. Couvillon went to The Horse Lounge in Thibodaux. Inside the bar, Deselle introduced Sgt. Couvillon as "Tony" to defendant. Deselle told defendant that "Tony" was Deselle's cousin from Lafayette. Sgt. Couvillon asked defendant if he had a couple of "Tabs" (ecstasy tablets) for sale. When defendant said, "Yes," Sgt. Couvillon asked for the price. Defendant responded that the tablets cost $15.00 each. Sgt. Couvillon indicated his desire to purchase two tablets; and defendant instructed the agent to follow defendant. Once in another part of the bar, defendant pulled out a box which contained twenty to thirty tablets, removed two tablets, and gave them to Sgt. Couvillon. Sgt. Couvillon paid defendant $30.00. Because Sgt. Couvillon continued to work undercover in the area, defendant was not arrested until a later date.

INTRODUCTION OF REPORT FROM CRIMINALISTICS LABORATORY AND SUFFICIENCY OF THE EVIDENCE:
In assignment of error number three, defendant argues that the trial court erred when it admitted, over defendant's objection, the report of the criminalistics laboratory into evidence. Defendant maintains that, because he made a timely request for the issuance of a subpoena for the technician who prepared the report, the report should not have been admitted. Defendant concludes that, as a result of the court's error, his constitutional rights of confrontation and cross-examination were denied. In response, the state contends that defendant waived the irregularity concerning admission of the report by waiting to object until the state sought to introduce the report, rather than objecting before the trial began. In the fourth assignment, defendant argues that, because the report should not have been admitted, the state's evidence that the substance distributed by defendant was ecstasy is insufficient.
La.R.S. 15:499 authorizes criminalistics laboratories to "make proof of examination and analysis of physical evidence" by use of a certification which includes certain specified information. In criminal cases, the trial court is required to receive as evidence any certificate, issued in accordance with La.R.S. 15:499, as "prima facie proof of the facts shown thereon, and as *913 prima facie proof of proper custody of the physical evidence." La.R.S. 15:500. For the state to be able to introduce the certificate into evidence, it must give written notice of its intent to offer proof by the certificate at least ten days before the trial begins. La.R.S. 15:501(A). After receiving the state's notice, if the defendant desires to cross-examine the technician who prepared the report, he must comply with the following provisions:
The party against whom such certificate is offered shall be permitted to subpoena on cross-examination the person who performed the examination or analysis of the evidence. If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody.
La.R.S. 15:501(B) (prior to its amendment by 1990 La.Acts, No. 850, § 1) (emphasis added).
La.R.S. 15:501(B) thus assures the criminal defendant's constitutional right of confrontation. See La.Const. art. I, § 16. The procedure established by this statute relieves the party desiring to introduce the certificate of the burden of having to produce the person who performed tests on the evidence but allows the opposing party to subpoena under cross-examination the person performing the tests. State v. Davis, 438 So.2d 1288, 1290 (La.App. 3d Cir.1983), writ denied, 445 So.2d 455 (La. 1984). The purpose of these statutes also has been described as follows:
... to inform a defendant that such a certificate exists and that it will be used against him. It prevents any confusion or surprise, and it aids the defendant in preparing an adequate defense. It also relieves crime lab personnel from the necessity of appearing at trial when there is no real question or issue surrounding the validity of the analysis performed by the crime lab technician.
State v. Mims, 524 So.2d 526, 536 (La.App. 2d Cir.), writ denied, 531 So.2d 267 (La. 1988). The statute does not relieve the state of its burden to go forward with proof of the elements of the crime. See City of Shreveport v. Burroughs, 511 So.2d 782, 783 (La.App. 2d Cir.1987).
The language of La.R.S. 15:501(B) is clear and unambiguous. If the person against whom a certificate of a criminalistic laboratory is to be offered has "requested" a subpoena of the person who analyzed the evidence at least five days before commencement of trial as defined in La.C.Cr.P. art. 761, or if the person subpoenaed responds to the subpoena although it was not timely requested, then the certificate "shall not be" prima facie proof of its contents. Given these circumstances, the trial court errs if it admits the certificate into evidence. See City of Shreveport v. Burroughs, 511 So.2d at 783.
In the instant case, defendant made a timely request for issuance of the subpoena. At both the trial and at the hearing held on defendant's motion for new trial, defendant's attorney referred the court to a letter written by defense counsel to the clerk of court and trial judge approximately eleven days before the trial began. In the letter, the attorney requested that a subpoena be issued for Wilford Baker, Jr., the forensic scientist who issued the scientific analysis report which was introduced by the state as exhibit 8. At the hearing held on the motion for new trial, the trial court took judicial notice that the letter appeared in the court's file. Attached to defendant's letter requesting the subpoena is evidence that the subpoena was issued by the clerk's office and served. Because defendant timely requested the subpoena, the trial court erred in admitting the report into evidence.
In overruling defendant's objection, the trial judge indicated that defendant should have objected before the first witness was sworn. At the hearing on the motion for new trial, the trial judge also implied that, in order to preserve the issue, defendant should have checked service on his subpoena request and should have made an effort to secure attendance of the witness, including requesting an attachment on the witness.[3] *914 However, La.R.S. 15:501(B) only requires that the defendant "request" the subpoena. As the court of appeal stated, in City of Shreveport v. Burroughs:
When the defendant subpoenas the person who made the certificate more than five days prior to trial, the state is made aware that the certificate will not be admissible into evidence in lieu of the testimony of the person who made the certificate, and it is incumbent upon the state to procure the attendance of the person who made the certificate at trial and to offer his or her testimony to establish the results of the examination as proof of an element of the offense charged. It is the state's burden, not the defendant's, to go forward with proof of the elements of the crime and there is no reason why the defendant should ask for continuance when the subpoenaed witness fails to appear at trial.
511 So.2d at 783. While a defendant has an obligation to exercise "due diligence" in an effort to procure attendance of one of his own witnesses, in order to qualify for a continuance if the witness does not appear, this obligation does not apply when the defense, in order to preserve the right of confrontation, requests a subpoena under La.R.S. 15:501(B). See La.C.Cr.P. art. 709(3); See also State v. Hill, 534 So.2d 1296, 1300 (La.App. 4th Cir.1988) (on rehearing), writ denied, 536 So.2d 1248 (La. 1989) (appellate court implies that due diligence, under even article 709(3), is exercised in some cases by merely requesting the subpoena). The trial court's error, in the instant case, resulted from confusing the defendant's right "to compel the attendance of witnesses" with the defendant's right "to confront and cross-examine the witnesses against him." La.Const. art. I, § 16.
Although the entire trial has not been transcribed, the minutes reveal that Wilford Baker, Jr., did not testify. The state does not refer this Court to evidence it introduced, other than "State-8," which established that the substance distributed by defendant was ecstasy. Thus, Wilford Baker, Jr., was an essential state witness. The introduction of Mr. Baker's report, without providing defendant with the opportunity to cross-examine Mr. Baker, deprived defendant of his constitutional right of confrontation.
Accordingly, assignment of error no. 3 has merit; and defendant's conviction and sentence for distribution of ecstasy must be reversed.[4]
The matter is remanded for a new trial.
NOTES
[1] In reviewing the record for patent error, we have discovered that the trial court did not wait the required twenty-four hours after denial of defendant's motion for new trial before imposing sentence, nor did defendant waive that waiting period. See La.C.Cr.P. art. 873. However, defendant does not argue or in any way show that he actually was prejudiced by the trial court's failure to observe the waiting period. Such failure on the part of the trial court is harmless error where a defendant does not show actual prejudice. State v. White, 404 So.2d 1202, 1204-5 (La.1981); State v. Mason, 447 So.2d 1134, 1139 (La.App. 1st Cir.1984).
[2] There is a discrepancy between the sentencing transcript and the minutes. The minutes include the requirements that defendant also pay court costs in connection with special condition number one and that defendant not drink alcoholic beverages in connection with special condition number seven. However, these requirements were not included by the judge in the sentence rendered in court. Where there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
[3] The trial judge apparently was not aware that the subpoena had been issued and served.
[4] Although defendant separately assigns as error the sufficiency of the evidence, the arguments made in connection with the assignment relate only to the issue raised in the third assignment; and, thus, it is unnecessary to give further attention to the sufficiency issue. Additionally, a review of the sufficiency of the evidence in a criminal case requires the review of all of the trial testimony and exhibits. State v. Mussall, 523 So.2d 1305, 1310 (La.1988). However, defendant's designation of the record, in addition to being untimely, requested the transcription of only three of the twelve witnesses. Thus, defendant's failure to properly designate the entire trial testimony as part of the record renders nonreviewable his assignment of error concerning the sufficiency of the evidence. Accordingly, defendant is procedurally barred from advancing assignment of error number 4 in this appeal. See State v. Elliott, 467 So.2d 1144, 1146 (La.App. 2d Cir.1985). See also La.C.Cr.P. art. 914.1(A).**

Because we reverse defendant's conviction under assignment of error number three, it also is not necessary for us to review the merits of assignments 2, 5, 6, and 7. However, because some of the issues raised in these assignments may reappear in a retrial, we note the following applicable law.
In the second assignment of error, defendant claims that the trial court erred when it refused to allow defendant to cross-examine the informant concerning the informant's prior arrest record and pending criminal charges. In sustaining the state's objection to this evidence, the trial court implied that defendant was required to show that the informant had entered into "some sort of deal" with the state. However, a witness' hope or knowledge that he will receive leniency from the state is highly relevant to establish bias or interest, even if the state has not entered into an actual "deal" with the witness. See State v. Brumfield, 546 So.2d 1241, 1246 (La.App. 1st Cir.1989), writ denied, 556 So.2d 54 (La.1990). If the charges on the witness' arrest record are still pending and the defendant's purpose is to establish that the district attorney's office has leverage over the witness as a result of the pending charges, or at least that the witness might have assumed so, then the evidence is admissible to show bias or interest. See State v. Brady, 381 So.2d 819, 822 (La.1980); State v. Harrison, 484 So.2d 882, 884 (La.App. 1st Cir.), writ denied, 488 So.2d 688 (La.1986). Criminal charges are considered to be "pending" if the time limitations for institution of prosecution have not elapsed, although the charges have been disposed of. See Harrison, 484 So.2d at 884.
In the sixth assignment of error, defendant argues that the sentence imposed upon him is excessive. He also specifically argues, among other things, that the trial judge erred by imposing a term of imprisonment in the parish prison upon defendant as an effort to send a message to other drug dealers. Although we do not review the merits of defendant's claims, we note that it is not improper for a judge to take into account larger sociological concerns (such as the problems drugs have caused in society) in imposing sentence, as long as the sentence is particularized to the defendant. State v. Vampran, 459 So.2d 1333, 1335 (La.App. 1st Cir. 1984). However, a desire to teach others a lesson is not an acceptable basis for a particular sentence. See Vampran, 459 So.2d at 1335. We also note that a patent sentencing error occurred in the trial court's failure to credit defendant with time served. See La.C.Cr.P. art. 880; State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990).
In the seventh assignment of error, defendant argues that the trial court erred when it denied defendant's motion for post-conviction bail pending appeal. However, the issue of whether or not the trial court has improperly refused bail is neither properly nor timely raised on appeal. The correct procedure is to invoke the supervisory jurisdiction of this Court through Louisiana Code of Criminal Procedure article 322. State v. Simmons, 414 So.2d 705, 711 (La.1982). As is evident from this case, once a conviction has been either affirmed or reversed on appeal, the issue of post-conviction bail pending appeal is moot.