615 So.2d 1042 (1993)
STATE of Louisiana
v.
David BURTON.
No. 92 KA 0329.
Court of Appeal of Louisiana, First Circuit.
March 5, 1993.
*1043 Washington Parish Dist. Atty., William J. Burris, Franklinton, William R. Campbell, Jr., New Orleans, for plaintiff-appellee State of La.
James Looney, Covington, for defendant-appellant David Burton.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
David Burton was charged by bill of information with two counts of distribution of cocaine. La.R.S. 40:967(A). He pleaded not guilty and, after trial by jury, was convicted as charged. The trial court sentenced him on each count to serve a term of fifteen years imprisonment at hard labor. Defendant has appealed, urging two assignments of error.

FACTS
On April 27 and 28, 1990, Sgt. Mike Edwards of the Bogalusa City Police Department arranged surveillance of a room registered to defendant at the Delmar Motel in Bogalusa. Sgt. Edwards had seen defendant before and was familiar with him. Using a nightscope (which enhances the available light) and binoculars, Sgt. Edwards watched the room each night starting at about 8:00 p.m. Backup officers were available to stop any suspects who would leave the motel area.
On the first night, Edwards observed Theresa Gaskins and Greg Wallace drive into the parking lot. Edwards was familiar with Gaskins and Wallace as being drug dealers. Wallace got out of the vehicle and went up to defendant's room. Before Wallace got to the door, defendant came out. Wallace then gave defendant some money, and defendant gave Wallace a small packet ("about the size of the thumbnail or maybe a little smaller") of white powder. Wallace returned to the car and, after a brief wait, he and Gaskins drove out of the parking lot. About half a block away, Captain Dorman Pritchard stopped the vehicle. Pritchard found syringes (apparently unused) in the frontseat area. He also found a compact *1044 mirror, which appeared to have a white powder on it. Later scientific testing revealed the powder was not a controlled dangerous substance. Pritchard observed what appeared to be a fresh needle mark on the inside of Wallace's elbow; another officer found a syringe containing what appeared to be fresh blood stuck in Wallace's hair under his cap. A forensic scientist employed with the New Orleans Police Department testified that he tested the syringe and found a small amount of cocaine in it.
Later that same evening, Edwards observed two other known drug dealers go into defendant's room and leave. He was unable to see anything which happened in the room. Edwards also observed other people he did not know go into the room and leave. No further stops were made because backup officers were unavailable.
On April 27th, Edwards also searched a closet-type area located where the buildings met. Defendant had been observed going into this area, which was accessible to the public. In the area, the motel stored mops, brooms, and buckets. During his search, Edwards found a paper bag which contained six syringes which were still in packaging.
On the next evening, Edwards renewed his surveillance. He observed a man and woman walk into the parking lot. The man stopped behind a restaurant, and the woman went to defendant's room. Defendant came out of the room and walked to the closet area. After a minute or two, defendant returned to his room. When he opened the door, the woman came out. Edwards then observed defendant give the woman what appeared to be a cut corner of a plastic bag with a white substance in it. The woman rejoined the man and handed him the packet. As the couple walked away, Detective Ed Gomez stopped them. Gomez found a plastic packet of suspected cocaine held tightly in the man's hand. The woman was identified as being Debra Adams. Officer Joe Culpepper transported Adams to the police station. Prior to having Adams ride in the back of his patrol car, Culpepper had removed the backseat and removed the debris. During the trip, he noticed Adams moving around in the backseat. After he secured Adams in the station, Culpepper searched his backseat. When he removed the seat, he found a small plastic packet of white powder, a whole cigarette, and a broken cigarette lying together directly under where Adams had sat. Subsequent testing at the Louisiana State Police Crime Laboratory determined that the small packet found under the seat and the small packet found in the man's hand both contained cocaine.[1]
Early on the morning of April 29th, Edwards secured a search warrant and searched defendant's room. Officers involved in the search found sixteen cut corners of plastic bags in a tape case next to the bed. The closet area again was searched. Edwards found some cut corners with powder residue in them. The amount of powder was insufficient to test.
In connection with his testimony, Edwards explained how cocaine is packaged and used. Drug dealers commonly clip corners from plastic bags for use to store a small quantity of cocaine which is then sold in the small packet. Cocaine users can either snort cocaine powder or melt it down in water, using a cigarette butt as a filter. The liquid solution is then injected into the body using a syringe. The process of turning the powder into a liquid takes "[j]ust a matter of seconds." Edwards also explained that cocaine can be melted into a solid "crack" form, which is smoked in a pipe.

ADMISSION OF CERTIFICATE OF ANALYSIS REPORT
In the first assignment of error, defendant asserts that the court erred when it admitted a certificate of analysis report. Defendant maintains the State's notice of its intent to introduce the report was improper under La.R.S. 15:500 and 15:501 because *1045 the wrong certificate of analysis report was attached to the notice in this case.
La.R.S. 15:499 authorizes criminalistics laboratories to "make proof of examination and analysis of physical evidence" by use of a certification which includes certain specified information. In criminal cases, the trial court is required to receive as evidence any certificate, issued in accordance with La.R.S. 15:499, as "prima facie proof of the facts shown thereon, and as prima facie proof of proper custody of the physical evidence." La.R.S. 15:500. For the State to be able to introduce the certificate into evidence, it must comply with the following requirements:
The party seeking to introduce a certificate made in accordance with R.S. 15:499 shall, not less than ten days prior to the commencement of the trial, give written notice of intent to offer proof by certificate. Such notice shall include a copy of the certificate.

La.R.S. 15:501(A) (emphasis added). After receiving the State's notice, if the defendant desires to cross-examine the technician who prepared the report, he must request a subpoena for the person who performed the examination or analysis at least five days prior to the commencement of the trial. La.R.S. 15:501(B). See generally State v. Landry, 583 So.2d 911, 912-13 (La.App. 1st Cir.1991).
The statutes do not relieve the State of its burden to go forward with proof of the elements of the crime. See City of Shreveport v. Burroughs, 511 So.2d 782, 783 (La.App. 2d Cir.1987). Absent the provisions of the statute, the State would be required to present the testimony of the technician who analyzed the substance. The purpose of the statutes has been described as follows:
... to inform a defendant that such a certificate exists and that it will be used against him. It prevents any confusion or surprise, and it aids the defendant in preparing an adequate defense. It also relieves crime lab personnel from the necessity of appearing at trial when there is no real question or issue surrounding the validity of the analysis performed by the crime lab technician.
State v. Mims, 524 So.2d 526, 536 (La.App. 2d Cir.), writ denied, 531 So.2d 267 (La. 1988). Additionally, La.R.S. 15:501 assures the criminal defendant's constitutional right of confrontation. See La. Const. art. I, § 16.
Over four months before the trial date, the prosecution in this case gave defense counsel a document entitled "Notice Under R.S. 15:499," which stated: "Notice is hereby served upon the defendant that the state intends to introduce the certificate of the State Police Crime Laboratory, a copy of which is attached, as evidence pursuant to R.S. 15:499." Attached to the notice is a scientific analysis report from a separate cocaine arrest of defendant which obviously is unrelated to the instant case. (According to the attached report, the cocaine was submitted on a date before the instant offenses occurred.) At the trial, when the State introduced the correct report, defendant objected and argued he had not received notice as required by La.R.S. 15:499 because the wrong certificate was attached to the State's notice. Counsel admitted that he had seen the certificate applicable to the instant case; but he argued that, in order to preserve defendant's right to confront the witnesses against him, the State was required to comply with the provisions of the statute. Concluding the State's failure to attach the appropriate report was an inadvertent clerical error, the court overruled defendant's objection.
Although we recognize the State's failure to attach the correct report was not in compliance with the requirement of La.R.S. 15:501(A), we find the error in this case is not reversible. We find no indication defendant was prejudiced by the State's error. See La.Code Crim.P. art. 921. The correct certificate was not attached to the State's notice, but defendant knew the appropriate certificate existed and had received formal notice of the State's intent to introduce into evidence the certificate relevant to the case. See Mims, 524 So.2d at 536. Upon receiving the incorrect certificate, it was incumbent upon counsel to *1046 object at that time. See La.Code Crim.P. art. 841.
The assignment of error is without merit.

SUFFICIENCY OF THE EVIDENCE
In the second assignment of error, defendant claims the State's evidence of his guilt was insufficient. Specifically, defendant argues the State's evidence on count two was insufficient because the State's only evidence the substance involved in count two was cocaine was a crime laboratory report which should not have been admitted, as argued in connection with assignment of error number one. For the reasons discussed in connection with our treatment of the first assignment, we also reject this argument. Additionally, defendant asserts the State's evidence of identification on both counts was insufficient because defendant was not identified in court by any of the witnesses. For the reasons discussed below, we also reject this claim.
The identity of a defendant as the perpetrator of a crime is one of the elements of the crime that must be proved by the State beyond a reasonable doubt. See State v. Johnson, 461 So.2d 673, 674 (La. App. 1st Cir.1984). However, identification can be inferred from all the facts and circumstances that are in evidence. See United States v. Weed, 689 F.2d 752, 754 (7th Cir.1982) (court finds sufficient evidence of identification although none of the witnesses were asked to identify the accused in court; attorneys interspersed references to defendant's name with references to "the defendant"; none of the witnesses noted that defendant was not the same person they had detained). See also United States v. Morrow, 925 F.2d 779, 781 (4th Cir.1991) (court implied the evidence was sufficient to permit the inference that the defendant on trial was the person who had committed the crime without considering the witnesses' response to the court's request that they point to the defendant in court; the arresting officer in this narcotics offense knew defendant to be a drug user and one officer identified defendant by name in answer to a question on cross-examination); United States v. Doherty, 867 F.2d 47, 67 (1st Cir.), cert. denied, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989) (court noted that, although the witnesses were not asked to make an in-court identification, the witnesses did not deny defendant's identity and defendant had the same name and nickname as the person indicted and about whom the witnesses spoke).
In the instant case, Sgt. Edwards testified that he had seen "David Burton" before and knew who Burton was. Additionally, he responded affirmatively when the prosecutor asked, "Do you see Mr. Burton in court today?"[2] He then referred to Burton by name throughout his testimony. On more than one occasion, defense counsel referred to the person called Burton by Sgt. Edwards as being his "client." Additionally, identification was not argued to the jury during the closing arguments.
Accordingly, viewing the evidence in the light most favorable to the prosecution, we find a rational trier of fact could conclude the State proved defendant's identity as the perpetrator of the crimes beyond a reasonable doubt. The assignment of error is without merit.

PATENT ERROR
In reviewing the record for patent error, we have found error in the sentences. The trial court did not give defendant credit for time served. See La.Code Crim.P. art. 880. Accordingly, we amend the sentences to reflect that defendant is to be given credit for any time served prior to execution of his sentences. See State v. Greer, 572 So.2d 1166, 1172 (La.App. 1st Cir.1990). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to *1047 reflect that defendant is to be given credit for time served.
Therefore, for the above reasons, the convictions are affirmed, the sentences are amended, and this matter is remanded.
CONVICTIONS AFFIRMED; SENTENCES AMENDED; REMANDED WITH ORDER.
NOTES
[1] The scientific analysis of these two packets was introduced through a copy of the crime lab's report. In assignment of error number one, defendant asserts the report was improperly introduced.
[2] In its brief, the State implies that the witness gestured and indicated defendant when responding to the question. However, the record does not reflect that any gesture was made. This court has no authority to review evidence not contained in the trial court record. See State v. Smith, 447 So.2d 565, 569 (La.App. 1st Cir.1984).