PARROT, J.
IgManuel Plaisance, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), appeals a judgment dismissing his petition for judicial review on the grounds that the district court lacked subject matter jurisdiction over his claims. Based on our review of the facts and law in this case, we affirm the judgment, but on different grounds.
ANALYSIS OF FACTS AND LAW
According to Plaisance’s account of the underlying facts, a prison guard ordered another prisoner to attack him, and then wrote him up for a violation of Disciplinary Rule #11, “Aggravated Fighting,” when he defended himself. He claims that he was never given a copy of the disciplinary report, which he contended was falsified by the prison guard. He also states that when he filed a motion for an extension in an attempt to get a copy of the report, the motion was denied. In a hearing before the disciplinary board on October 9, 2008, he was found guilty and sentenced to a change of quarters to Camp J (extended lockdown).
Plaisance filed an administrative remedy procedure (ARP) request pursuant to the Corrections Administrative Remedy Procedure Act, LSA-R.S. 15:1171-1179; the request was denied at both steps of the process. The warden’s decision stated that the disciplinary report clearly showed that the guard gave Plaisance a copy of the report. The warden further stated that Plaisance was notified of the disciplinary hearing within adequate time to prepare a defense and was found guilty after a full hearing.
An offender aggrieved by a disciplinary action by the DPSC may seek judicial review pursuant to LSA-R.S. 15:1177. Victorian v. Stalder, 99-2260 (La.App. 1st Cir.7/14/00), 770 So.2d 382, 384 (en Banc). Plaisance filed a petition for judicial review, seeking reversal of the disciplinary sentence, removal of the charge from his prison record, and monetary damages. The district court struck the request for monetary damages at the recommendation of the commissioner,[2] because such claims are subject |ato the original jurisdiction of the district court, whereas a petition for judicial review falls under the district court’s appellate jurisdiction.
The DPSC then filed an exception raising the objection of lack of subject matter jurisdiction, contending that because no “substantial rights” of the prisoner were violated by the disciplinary action, the district court could neither reverse nor modify the decision. The commissioner recommended that the exception be sustained, noting that the penalty imposed on Plai-sance did not involve a forfeiture of good time or constitute an atypical deprivation of a substantial right of the petitioner under LSA-R.S. 15:1177(A)(9). Stating that the statute authorizes a court to intervene in the decision of the DPSC only if “substantial rights” have been violated, the commissioner concluded that the petitioner had no constitutional or substantial right to any particular housing classification, job classification, or recreational hobby craft. See Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, *595 49 L.Ed.2d 451 (1976); Taylor v. Broom, 526 So.2d 1367 (La.App. 1st Cir.1988). Therefore, the commissioner recommended dismissal of the petition for lack of subject matter jurisdiction. After considering the record, the district court signed a judgment in accordance with this recommendation and dismissed Plaisance’s suit at his costs. This appeal followed. See LSA-R.S. 15:1177(A)(10).
On reviewing the applicable law, we disagree with the conclusion that the district court had no subject matter jurisdiction due to the limitations on its actions set forth in LSA-R.S. 15:1177(A)(9). We do not interpret this statutory provision as divesting the court of subject matter jurisdiction over the petition for judicial review. Rather, we consider that this provision merely limits the available remedies, should the district court determine, upon review of the facts, that the matter does not involve any violation of or prejudice to “substantial rights” of the inmate.
However, we note that the failure to allege facts upon which relief can be granted results in a failure to state a cause of action, which this court can notice on its own motion. See LSA-C.C.P. art. 927(A)(5) and (B). Although the district court had the authority to review Plai-sance’s petition for judicial review, it could provide no relief for his complaints, because he did not allege facts showing a violation of his “substantial • Rrights.” Therefore, his petition for judicial review must be dismissed for failure to state a cause of action. See Giles v. Cain, 99-1201 (La.App. 1st Cir.6/23/00), 762 So.2d 734.
CONCLUSION
Based on the foregoing, we affirm the dismissal of the petition for judicial review and assess all costs against Manuel Plai-sance.
AFFIRMED.

. The case was assigned to a commissioner to conduct all proceedings and make a recommendation to the district court judge. This procedure is used in the Nineteenth Judicial District Court to handle the large volume of inmate lawsuits under LSA-R.S. 15:1177(A). See LSA-R.S. 13:713; Bordelon v. Louisiana Dept. of Corr., 398 So.2d 1103 (La.1981). The court performs an initial screening review of the petition to determine if it states a cognizable claim or fails to state a cause of action. See LSA-R.S. 15:1178.