STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 0976 and 2019 CW 0844

GARY HOWARD

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered:____**FEB 2 1 2020**____

\*\*\*\*\*\*\*\*

Appealed from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Suit No. 675,385

The Honorable Judge Todd Hernandez, Presiding

\*\*\*\*\*\*\*\*

| | |
|---|---|
| Gary Howard<br>Homer, LA | In Proper Person<br>Gary Howard |
| Elizabeth B. Desselle<br>Baton Rouge, LA | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

\*\*\*\*\*\*\*\*

BEFORE: HIGGINBOTHAM, PENZATO AND LANIER, JJ.

**LANIER, J.**

In this appeal, the plaintiff, Gary Howard, challenges the judicial review of the Nineteenth Judicial District Court (19th JDC), which affirmed the decision of the defendant, Louisiana Department of Public Safety and Corrections (LDPSC), to deny Mr. Howard's request for administrative relief. For the following reasons, we reverse the reviewing court and render a new judgment ordering LDPSC to grant Mr. Howard the requested administrative relief to calculate his parole eligibility date.

## FACTS AND PROCEDURAL HISTORY

On June 11, 2014, Mr. Howard was found guilty in the First Judicial District Court, Parish of Caddo, by unanimous jury verdict of possession with intent to distribute Schedule I (marijuana).[1] On July 17, 2014, Mr. Howard pled guilty as a second offense habitual offender.[2] According to the transcript of Mr. Howard's guilty plea, he was sentenced to eighteen (18) years at hard labor, without the benefit of probation or suspension of sentence. According to the sentencing court's minutes, Mr. Howard was sentenced to eighteen (18) years, without the benefit of probation, parole, or suspension of sentence.

The commitment order is misleading in that it states under the sentence section, "40:966(A)(1) – possession with intent to distribute Schedule I, CDS; counts: 1; verdict: found guilty; sentence: 18 years, 0 months, 0 days." Mr. Howard could not have been sentenced on this charge, since he pled guilty as a second offense habitual offender. Under the special comments section is written,

---

[1] La. R.S. 40:966.
[2] La. R.S. 15:529.1.

2

"Sentenced s a [sic] second felony offender. Sentence to be served without benefit of probation, parole or suspension of sentence. Credit for time served."

On March 17, 2018, Mr. Howard filed an administrative remedy procedure with LDPSC, complaining that his master rap sheet reflected that he was not eligible for parole, although the transcript of his guilty plea indicated the sentencing court placed no restriction upon his eligibility for parole. He thus requested that his master rap sheet be corrected to show his parole eligibility date. LPDSC denied his requested relief on August 27, 2018, stating that since the sentencing court's minutes indicated that he was to serve his sentence without the benefit of probation, parole or suspension of sentence, he was not eligible for parole.

In response to his denial for administrative relief, Mr. Howard filed a petition for judicial review in the 19th JDC on October 25, 2018. In his petition, Mr. Howard averred that his requested relief was improperly denied by LDPSC because while there is a discrepancy between the guilty plea transcript and the minutes of the sentencing court, the content of the transcript should prevail over the content of the minutes. Mr. Howard cited *State v. Landry*, 583 So. 2d 911, 912 n.2 (La. App. 1 Cir. 1991) and *State v. Lynch*, 441 So.2d 732, 734 (La. 1983) as support for his argument.[3]

Mr. Howard's petition came before a commissioner of the 19th JDC for review.[4] The commissioner's report to the 19th JDC states that the ultimate intent

---

[3] "Where there is a discrepancy between the minute entry and the transcript, the transcript prevails." *Landry*, 583 So.2d at 912 n.2, citing *Lynch*, 441 So.2d at 734.

[4] The office of commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions." La. R.S. 13:713(C)(5); *Abbott v. LeBlanc*, 2012-1476 (La. App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n.1. The court performs an initial screening review of the petition to determine if it states a cognizable claim or

3

of the sentencing court is unclear in regard to Mr. Howard's parole eligibility, but it is not the reviewing court's duty to interpret that intent. The commissioner found that since the record is void of any documentation that would reveal or clarify that intent of the sentencing court, the reviewing court must affirm LDPSC's denial of the relief requested by Mr. Howard. In its judgment signed March 21, 2019, the reviewing court adopted the recommendation in the commissioner's report, affirmed LDPSC's decision to deny Mr. Howard's requested relief, and dismissed the petition for judicial review with prejudice. It is from this judgment that Mr. Howard appeals.[5]

## DISCUSSION

Mr. Howard included no assignments of error in *pro se* his brief; however, he did present one issue for review, which is that LDPSC and the 19th JDC erroneously denied his requested relief. We will therefore review the instant case to determine whether Mr. Howard's requested relief, to have his master rap sheet amended to show his parole eligibility date, was erroneously denied.

The standard for judicial review by the district court is set forth, in pertinent part, in La. R.S. 15:1177(A)(9), which provides:

> The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (a) In violation of constitutional or statutory provisions.
> (b) In excess of the statutory authority of the agency.
> (c) Made upon unlawful procedure.
> (d) Affected by other error of law.

---

fails to state a cause of action. See La. R.S. 15:1178; *Plaisance v. Louisiana State Penitentiary*, 2010-1249 (La. App. 1 Cir. 2/11/11), 57 So.3d 593, 594 n.2.

[5] Initially, Mr. Howard applied for supervisory writs concerning the judgment. That writ, 2019CW0844, was referred to this appeal panel on August 5, 2019. Because the district court's March 21, 2019 judgment is a final appealable judgment, which we are considering in this appeal, the writ is denied as moot.

(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

On review of the district court's judgment rendered on judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court. *Lee v. Louisiana Department of Public Safety and Corrections*, 2017-0740 (La. App. 1 Cir. 12/21/17), 240 So.3d 244, 247. Thus, the issue before us is whether, under the facts of this case, the reviewing court erroneously affirmed LDPSC's decision to deny parole eligibility to Mr. Howard.

On June 11, 2014, Mr. Howard was found guilty by jury verdict of possession with intent to distribute marijuana, under La. R.S. 40:966(A)(1), the sentence for which is found under La. R.S. 40:966(B)(3). At the time of his conviction, La. R.S. 40:966(B)(3) read as follows:

A substance classified in Schedule I which is marijuana, tetrahydrocannabinols, or chemical derivatives of tetrahydrocannabinols, or synthetic cannabinoids shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars.

Mr. Howard subsequently pled guilty and was sentenced as a second felony offender under La. R.S. 15:529.1(A)(1). That statute, as written at the time Mr. Howard was sentenced on July 17, 2014, read as follows:

If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.

Further, La. R.S. 15:529.1(G) states that any sentence imposed under the provisions of this Section shall be served at hard labor without benefit of probation or suspension of sentence.

Under these sentencing guidelines, a term of eighteen (18) years is appropriate. Further, La. R.S. 40:966(B)(3) and 15:529(G), as they were written at the time of Mr. Howard's sentencing, placed no restriction or requirement on his eligibility for parole. The sentencing court has wide discretion to impose a sentence within the statutory limits. *State v. Stewart*, 486 So.2d 906, 908 (La. App. 1 Cir. 1986).

Both Mr. Howard and the reviewing court note that the sentencing court's minutes and transcript are in conflict. We note that the sentencing court's commitment order is also in conflict with the transcript. If a discrepancy exists between the commitment order and the transcript, the transcript prevails over the commitment order as well. *State v. Tillery*, 2014-0429 (La. App. 5 Cir. 12/16/14), 167 So.3d 15, 29, writ denied, 2015-0106 (La. 11/6/15), 180 So.3d 306. We must therefore conclude that the record contains sufficient evidence of the sentencing court's intent to make Mr. Howard eligible for parole. The reviewing court was manifestly erroneous in affirming LDPSC's denial of Mr. Howard's parole eligibility.

**DECREE**

The judgment of the Nineteenth Judicial District Court affirming the decision of the Louisiana Department of Public Safety and Corrections to deny Gary Howard administrative relief and dismiss his petition for judicial review with prejudice is reversed. We further render judgment in favor of Mr. Howard and order LDPSC to amend his master rap sheet to reflect his date of parole eligibility.

6

Costs of this appeal in the amount of $666.00 are assessed to the appellee, Louisiana Department of Public Safety and Corrections.

**WRIT DENIED AS MOOT; MARCH 21, 2019 JUDGMENT REVERSED; RENDERED.**