591 So.2d 391 (1991)
STATE of Louisiana, Appellee,
v.
Jerry Wayne TURNER, Appellant.
No. 22904-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
Rehearing Denied January 16, 1992.
*392 E. Daniel Burt, Jr., for appellant.
William J. Guste, Jr., Atty. Gen., James M. Bullers, Dist. Atty., Whitley R. Graves, Asst. Dist. Atty., for appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
The defendant, Jerry Wayne Turner, appeals his convictions for armed robbery and aggravated rape. We affirm.

FACTS
On November 23, 1989, Thanksgiving morning, at approximately 6:15 a.m., a female convenience store clerk in Bossier City, Louisiana was robbed and raped at gunpoint. The victim stated she saw a man, whom she later identified as the defendant, standing outside the store using the pay telephone. The defendant came inside and asked to use a telephone book and a pencil. After writing down a number, he asked about another item in the store. The victim indicated that they did not have the item and turned away. At that point, the defendant grabbed the victim from behind and held a gun to her back. The victim gave the defendant all the money in the cash register and $20.00 from the safe.
The defendant then forced the victim into a field behind the store at gunpoint where she was forced to disrobe. While holding the gun to the victim's head and threatening to kill her, the defendant raped the victim. During the course of the assault, the store manager arrived and began calling the victim's name. Upon hearing the victim's name being called, the defendant fled the scene on foot.
The store manager arrived shortly after 6:00 a.m. and was concerned when she could not find the victim. The victim's purse and coat were still in the store and her car was parked outside. The manager called the police who arrived a short time later and found the victim crawling under a barbed wire fence behind the store.
A confidential informant directed the attention of police investigators to the defendant during the investigation of an unrelated offense. Investigators assembled a photographic lineup which was sent to an FBI agent in Maryland where the victim was visiting with relatives. The victim positively identified the defendant as the person who robbed and raped her. The victim also positively identified the defendant in a live lineup which was conducted after her return to Louisiana.
The defendant was indicted by grand jury for armed robbery and aggravated rape. The defendant was tried by jury and on August 24, 1990 was found guilty as charged.
On November 28, 1990, the defendant appeared before the court for sentencing. He was ordered to serve the mandatory sentence for aggravated rape, life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. On the armed robbery conviction, the defendant was ordered to serve 60 years at hard labor without benefit of parole, probation or suspension of sentence. The sentences were ordered to be served concurrently.
The defendant appealed his convictions. On appeal, the defendant argues the trial court erred in refusing to allow expert testimony regarding the inaccuracy of eyewitness identification. The defendant also claims the evidence adduced at trial was insufficient to support the verdict and the evidence did not exclude every hypothesis *393 of the defendant's innocence.[1]

EXPERT TESTIMONY
The defendant sought to introduce expert testimony by a psychologist to "give the jury scientific information concerning the problems and unreliability of eyewitness identification, particularly cross racial and stranger identification in high stress situations." The proffered testimony was that of a psychologist who specialized in the problems and sources of inaccuracy in eyewitness identification. The trial court refused to allow the expert testimony, finding that such testimony would invade the province of the jury in weighing the credibility of a witness making an eyewitness identification.
The defendant recognized that several cases have held that such testimony is not admissible due to the substantial risk that the expert testimony would have a greater effect on the jury than other evidence and therefore the prejudicial effect of the testimony outweighs the probative value. However, the defense argues that such evidence is not inadmissible in all cases and may be admissible where such expert testimony would be helpful to the jury. The defendant argues that the victim's eyewitness identification was the only evidence linking the defendant with the crime and in this case the victim was white, the defendant was black and ten of the twelve jurors were white. The defendant further argues that under such circumstances, the jury would have been assisted by testimony regarding potential sources of inaccuracies in eyewitness identifications where the witness is of one race and the suspect is of another. These arguments are meritless.
LSA-C.E. Art. 702 provides that "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise."
The official comments to this article state that broad discretion should be accorded to the trial judge in his determination of whether expert testimony should be held admissible and who should or should not be permitted to testify as an expert. In the present case, we do not find that the trial court erred in refusing to allow the defendant to present expert testimony regarding eyewitness identifications. Similar circumstances have been presented in State v. Stucke, 419 So.2d 939 (La.1982); State v. Mims, 501 So.2d 962 (La.App. 2d Cir.1987); State v. Coleman, 486 So.2d 995 (La.App. 2d Cir.1986), writ denied 493 So.2d 634 (La. 1986); and State v. Gurley, 565 So.2d 1055 (La.App. 4th Cir.1990), writ denied 575 So.2d 386 (La.1991). In those cases the courts have found that in this state, and in other states where this issue has been considered, the prejudicial effect of such expert testimony outweighs its probative value because of the substantial risk that the potential persuasive appearance of the expert witness will have a greater influence on the jury than the other evidence presented during the trial. The courts have found that such testimony invades the province of the jury and usurps its function.[2]
The defendant has offered no facts to support his argument that this case differed factually in any way from those cases in which such testimony was not allowed. Under the facts of this case, we do not find that the trial court abused its discretion in refusing to allow this expert witness to testify.

*394 SUFFICIENCY OF THE EVIDENCE
The defendant argues his conviction should be reversed because the state failed to present sufficient evidence to prove his guilt beyond a reasonable doubt. The defendant does not dispute the fact that the victim was robbed and raped at gunpoint. Rather, he argues that the prosecution failed to adequately establish that he was the perpetrator of these offenses. This argument is meritless.
In reviewing sufficiency challenges, an appellate court must determine whether, when viewing the evidence in the light most favorable to the prosecution, a rational fact finder could have found that the prosecution proved beyond a reasonable doubt that the defendant committed acts necessary to constitute every element of the offense charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Doby, 540 So.2d 1008 (La. App. 2d Cir.1989), writ denied 544 So.2d 398 (La.1989); State v. Lewis, 535 So.2d 943 (La.App.2d Cir.1988), writ denied 538 So.2d 608 (La.1989).
The offense of aggravated rape is defined in pertinent part in LSA-R.S. 14:42 as follows:
A. Aggravated rape is a rape committed where the anal or vaginal sexual intercourse is deemed to have been without lawful consent of the victim because it is committed under any one of more of the following circumstances:
(3) When the victim is prevented from resisting the act because the offender is armed with a dangerous weapon.
The offense of armed robbery is defined in
LSA-R.S. 14:64 as follows:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another by use of force or intimidation, while armed with a dangerous weapon.
The testimony of the victim alone is sufficient to prove the elements of the offense even where the state does not introduce medical, scientific, or physical evidence to prove the commission of the offense by the defendant. State v. Johnson, 529 So.2d 466 (La.App. 1st Cir.1988); writ denied 536 So.2d 1233 (La.1989); State v. Walder, 504 So.2d 991 (La.App. 1st Cir. 1987), writ denied 506 So.2d 1223 (La.1987). Where the key issue is the defendant's identity as the perpetrator, rather than whether a crime was committed, the state is required to negate any reasonable probability of misidentification. However, positive identification by only one witness may be sufficient. State v. Shepard, 566 So.2d 1127 (La.App. 2d Cir.1990); State v. Royal, 527 So.2d 1083 (La.App. 1st Cir.1988), writ denied 533 So.2d 15 (La.1988).
In the absence of internal contradictions or irreconcilable conflict with the physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for the requisite factual conclusion. State v. Shepard, supra.
It is the function of the jury and not that of the appellate court to assess the credibility of witnesses. Where the trier of fact has made a rational credibility determination, an appellate court should not disturb it. State v. Shepard, supra.
The eyewitness testimony from the victim of these crimes established that the defendant came into the convenience store and took money belonging to the convenience store that was in her immediate control by use of intimidation through the use of a pistol. The victim also testified that the defendant forced her to have sexual intercourse without her consent where she was prevented from resisting because the defendant was armed with the weapon. A physical examination of the victim after the assault showed indications of forcible intercourse. As stated above, the defendant does not contend that the prosecution failed to prove that the victim was robbed and raped. Rather, the defendant contends that the only evidence connecting him with the offense was the victim's identification and the defendant argues that this did not prove that the defendant was in fact the assailant.
The defendant argues that there is no physical evidence to establish that he committed *395 the crime. No fingerprints belonging to the defendant were found in the convenience store nor were any fingerprints found on a gun holster recovered at the scene of the crime. The defendant also argues that the identification by the victim is flawed in that a blue jacket allegedly worn by the assailant was originally described by the victim as new, and at trial, an old and soiled jacket was introduced into evidence. This evidence was presented to the jury at trial. We are simply not persuaded that any discrepancy in the testimony regarding the age of the jacket was sufficient to cast doubt upon the victim's positive identification of the defendant as the assailant.
The defendant also argues that the victim's identification of him must be questioned due to the testimony of his alibi witnesses. These witnesses testified that the defendant spent the night of November 22-23, 1989 at the home of his sister, Donna Heard. The defendant presented the testimony of his girlfriend, his sister and his sister's boyfriend. They testified that the defendant and his girlfriend slept at Ms. Heard's home that evening and awoke between 8:00 and 9:00 a.m. the next morning. All the defendant's witnesses testified that they did not see the defendant leave the house during the night. They also testified that his clothing did not appear to be muddy or have grass stains which would have suggested that the defendant had been in the field behind the convenience store. However, the prosecution showed that the convenience store was located near Ms. Heard's house and the distance could be covered on foot in approximately 10 minutes. In addition, all of the defendant's alibi witnesses testified that they were asleep in the early morning hours of November 23, 1989. Under these circumstances, the jury weighed the credibility of the witnesses and chose to believe the victim. See and compare State v. Williams, 458 So.2d 1315 (La.App. 1st Cir.1984), writ denied 463 So.2d 1317 (La.1985).
The victim described the assailant to police as being approximately 5' 11" tall, weighing approximately 150-165 pounds and being approximately 25-35 years of age. He was described as having a medium length Afro hairstyle and was wearing a blue jacket, blue jeans, and tennis shoes. The defendant closely matched the victim's description. The defendant was 23 years old at the time of the offense, 6'1" tall and weighed approximately 170 pounds.
The victim was shown a photographic lineup containing a picture of the defendant shortly after the offense and the victim positively and instantly identified the defendant as her assailant. The victim also identified the defendant in a live lineup conducted approximately two weeks prior to trial.
The victim had ample opportunity to see the defendant's face in the convenience store prior to the robbery, during the robbery and afterwards during the rape. The victim's identification of the defendant was in all instances unfaltering and conclusive.
Viewing the evidence of the victim's identification and other evidence presented in a light most favorable to the prosecution, the evidence is sufficient upon which a rational trier of fact could find all the elements of the offenses charged and the defendant guilty, beyond a reasonable doubt.

CIRCUMSTANTIAL EVIDENCE
The defendant contends that the state failed to present sufficient evidence to exclude every reasonable hypothesis of innocence. The defendant argues that the prosecution attempted to use a combination of direct and circumstantial evidence to prove that he committed the charged offenses. When circumstantial evidence is relied upon by the prosecution, the defendant contends that the evidence must exclude every reasonable hypothesis of innocence. He further asserts that in light of the testimony of his alibi witnesses and due to his argument that the victim misidentified him, every reasonable hypothesis of innocence was not excluded. This argument is meritless.
Generally, direct evidence consists of testimony from a witness who actually saw or heard an occurrence, proof of the existence of which is at issue; whereas, circumstantial *396 evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Lilly, 468 So.2d 1154 (La. 1985).
In the present case, the prosecution presented the direct evidence of the victim's eyewitness testimony to show that the offenses were committed by the defendant. No circumstantial evidence was presented. Therefore, the circumstantial rule has no application to this case and the defendant's argument in this regard is meritless.

CONCLUSION
For the reasons stated above we affirm the convictions and sentences of the defendant, Jerry Wayne Turner.
AFFIRMED.

APPLICATION FOR REHEARING
Before SEXTON, NORRIS, LINDSAY, HIGHTOWER and VICTORY, JJ.
Rehearing denied.
NOTES
[1] The defendant originally filed six assignments of error. Three of these were not briefed or argued in brief and are considered abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989). writ denied 558 So.2d 1123 (La.1990).
[2] We are aware of State v. Chapman, 436 So.2d 451 (La.1983) in which the trial court, in its discretion, allowed testimony of a psychologist that tended to discredit the accuracy of eyewitness identification. In a footnote, the court noted that while in State v. Stucke, supra, such testimony was excluded, the trial court may exercise its discretion in favor of admitting such evidence in the interest of justice when the judge determines that the proffered evidence would assist the jury in deciding the issue of identity.