597 So.2d 74 (1992)
STATE of Louisiana
v.
Clarence J. STEVENSON.
No. 89-KA-0988.
Court of Appeal of Louisiana, Fourth Circuit.
March 31, 1992.
Writ Denied June 19, 1992.
*75 Harry F. Connick, Dist. Atty., Michele M. Smith, Pamela Moran, Asst. Dist. Attys., New Orleans, for plaintiff/appellee.
Edward A. Haggerty, Jr., and Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before BARRY, CIACCIO and JAMES C. GULOTTA, J. Pro Tem.
JAMES C. GULOTTA, Judge Pro Tem.
Defendant, Clarence Stevenson, was charged by bill of information with attempted first degree murder, a violation of LSA-R.S. 14:27 (30), and armed robbery, a violation of LSA-R.S. 14:64. After a jury found the defendant guilty as charged on both counts, the trial judge sentenced him to fifty years at hard labor on each count. These sentences were ordered to be served consecutively and the armed robbery sentence was ordered to be served without benefit of parole, probation or suspension *76 of sentence. The defendant filed a motion for new trial and two supplemental motions for new trial, all which were denied by the trial judge. Defendant now appeals his convictions and sentences. We vacate his conviction and sentence for attempted first degree murder, affirm his conviction for armed robbery, vacate his sentence for the armed robbery conviction and remand this case for resentencing.
On November 25, 1987, at approximately 7:30 p.m., Officer Reginald Cryer of the New Orleans Police Department responded to a call about an armed robbery at General Taylor and South Saratoga Streets in New Orleans. The victim, Jeffrey Seal, told police that he left the Que Sera Bar and Restaurant on St. Charles Avenue at approximately 7:00 p.m. and walked to his car which was parked at the corner of Carondelet and Amelia Streets. When he was attempting to get into his car, three black males approached him and one of the men pointed a gun at him. Seal offered the men his car keys, wallet and watch but his assailants insisted that he get into the car with them. They drove off with Seal seated in the front seat between two of the men while the third man sat in the back seat. The driver initially held the gun and then handed it to the man in the back seat. After the men determined that Seal did not have a gun in his car, they told him to get out of the car. As they drove away in Seal's car, one of the men shot Seal in the back. Seal was rushed to a local hospital where he underwent successful emergency surgery.
At approximately 8:00 p.m. on the same evening, several police officers were involved in a high speed chase downtown with a car matching the description of Jeffrey Seal's stolen vehicle. The vehicle in question stopped after hitting several cars which were parked on Loyola Avenue. Two of the men in the car, including the defendant, fled the scene but were apprehended while a third man was apprehended before he got out of the car. The vehicle was identified as the one stolen earlier that evening from Jeffrey Seal.
Of the three men who were in the possession of the victim's car, one was an adult and the other two were juveniles. The adult, who is the defendant in this case, was placed in a physical lineup with other incarcerated men with similar characteristics and this lineup was viewed by the victim. The victim did not identify the defendant as his assailant. However, when questioned at trial about his inability to identify the defendant in a lineup, he explained that, during his ordeal of being driven around in his car with a gun pointed at his head, he looked straight ahead out of the window trying to comply with his assailants' orders.
The only evidence found in the victim's car was a small bottle which contained marijuana and PCP. Although fingerprints were found on the bottle, none were identifiable.
The defense presented several witnesses including the defendant and several of his friends who claimed that they were gathered at the corner of South Liberty and Delachaise Streets on the evening of November 25, 1987 when three men drove up in a white Ford LTD, jumped out of the car, yelled "Paid in Full", threw the car keys on the ground and ran off in the direction of the Magnolia Housing Project. The defense witnesses explained that the phrase "Paid in Full" comes from a popular song and refers to having robbed someone of something of value. Some of the witnesses said that the man who threw the car keys on the ground was someone they knew named Michael Jones.
According to the defense witnesses, the defendant and another youth retrieved the car keys and got into the car to go "joyriding." They picked up a third young man nearby. The defendant and the two juveniles pled guilty to possession of a stolen automobile but claim that they were not involved in the robbery and shooting of Jeffrey Seal.
Following the jury's verdict of guilty as charged on both the armed robbery and attempted first degree murder charges, the defense filed a motion for new trial. At the hearing on this motion, the defense *77 brought Michael Jones into court where he was identified by two of the defense witnesses who testified at trial as the person who drove up in the white Ford LTD and threw the car keys on the ground while yelling "Paid in Full." However, another defense witness, Marc Carey, recanted his trial testimony that he was picked up by Michael Jones in the white Ford LTD. He also refused to identify Michael Jones at the motion for new trial hearing as the person who drove up in that car and threw the car keys on the ground. Michael Jones then testified denying any involvement in the robbery and shooting of Jeffrey Seal.
The trial judge found that the defendant's alibi witnesses were not credible and denied his motion for new trial. Following sentencing, the defense filed a supplemental motion for new trial.
At the hearing on that motion, the defense argued that a new trial was required to present newly discovered evidence. According to defendant, the new evidence was that the victim was unable to identify two juveniles in Juvenile Court proceedings, stemming from this incident and as a result those two juveniles, who were riding in the stolen vehicle, were acquitted of the armed robbery and attempted murder charges. The trial judge denied defendant's supplemental motion for new trial.
At the oral argument of defendant's appeal, defense counsel presented a motion to remand this case to the trial court so that a second supplemental motion for new trial based upon newly discovered evidence could be filed and heard by the trial court. This motion to remand was granted by this court on September 11, 1990 without objection from the State and the defendant's appeal has been held in abeyance pending the trial court's disposition of the second supplemental motion for new trial. On October 7, 1991, the trial judge denied the second supplemental motion for new trial.
On appeal, the defendant argues that the evidence in this case is insufficient to support his convictions of attempted first degree murder and armed robbery. We pretermit a discussion of the attempted first degree murder conviction at this point. In connection with the armed robbery conviction, the question is one of sufficiency of evidence to support a conviction. In assessing whether the evidence presented was sufficient, this court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982).
In this case, the defendant does not argue that the offense of armed robbery was not proven; rather, he argues that the evidence was insufficient to prove that he was involved in the crime. The defendant claims that he was not present when this crime was committed.
Armed robbery is defined in R.S. 14:64 as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a a dangerous weapon." The testimony of the victim, Jeffrey Seal, established that he was forced at gunpoint to relinquish his watch, wedding ring, cash and vehicle to his assailants. Clearly, the State proved each element of the offense of armed robbery.
The State established that the defendant was one of the perpetrators of the armed robbery through circumstantial evidence. This evidence included the fact that the defendant was in possession of the victim's car one hour after the robbery and that he attempted to flee from the police after wrecking the car. It has been held that flight and attempt to avoid apprehension indicate consciousness of guilt and are circumstances from which a juror may infer guilt. State v. Fuller, 418 So.2d 591 (La.1982). Additionally, the defendant matched the general description given by *78 the victim to the police of one of the perpetrators.
The defense presented several alibi witnesses who offered a different version of how the defendant came into possession of Jeffrey Seal's automobile. The trial judge found that these witnesses were not credible. A review of their testimony strongly supports that conclusion.
Accordingly, when viewing the evidence in the light most favorable to the prosecution, we find that the jury could have found defendant guilty of armed robbery.
In the defendant's next assignment of error, he argues the trial judge erred in denying his original motion for new trial and first supplemental motion for new trial filed shortly after sentencing.[1] The trial judge is given great discretion in ruling on a motion for new trial and his findings will not be disturbed absent a clear abuse of discretion. State v. Fuller, 414 So.2d 306 (La.1982).
The allegations in the original motion for new trial did not include any newly discovered evidence. Rather, evidence presented at the hearing on this motion consisted of another attempt by the defense to establish the alibi presented at trial. Again, the trial judge found that the witnesses presented in support of the alibi defense were not credible and his conclusion on this issue is supported by the transcript of the motion for new trial hearing. Thus, the trial judge did not err in denying the original motion for new trial.
The first supplemental motion for new trial was based on allegedly newly discovered evidence including the victim's inability to identify the two juveniles charged in this robbery and shooting and the subsequent acquittal of the juveniles in Juvenile Court. Furthermore, the defense argued that a new trial was warranted because the victim stated in the Juvenile Court proceedings that two other men in the courtroom, Michael Jones and Marc Carey, resembled two of the men who robbed him.
In denying the defendant's motion, the trial judge stated that the entire issue of the victim's inability to identify the two juveniles and the defendant in photographic and physical lineups respectively was brought to the jury's attention at trial and apparently was not an overriding factor in its determination as to whether or not the defendant was guilty.
Because Marc Carey testified at the defendant's trial, the opportunity for the defense to attempt to have the victim identify him as the perpetrator of the offense was clearly available. Furthermore, there is no evidence in the record which indicates that the defense was prevented from presenting Michael Jones at trial as well.
This assignment of error is without merit.
In the next assignment of error, the defendant correctly argues that his convictions violate the double jeopardy clauses of the United States and Louisiana Constitutions because he was convicted of attempted first degree murder and the underlying offense of armed robbery. State ex rel Adams v. Butler, 558 So.2d 552 (La. 1990); State v. Davis, 560 So.2d 997 (La. App. 4th Cir.1990). The Adams court noted that the general rule in such a situation is to vacate the conviction and sentence for the less severely punishable offense, affirm the conviction for the more severely punishable offense and remand the case for resentencing with the restriction that the new sentence imposed for the single remaining conviction cannot be more severe than the total of the original sentences imposed.
In this case, we will vacate defendant's conviction and sentence for the less severely punishable offense of attempted first degree murder which allows a maximum sentence of fifty years at hard labor and affirm his conviction for the more severely punishable offense of armed robbery which *79 allows a maximum penalty of ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence. This case will be remanded for resentencing on defendant's armed robbery conviction with the above-stated restriction noted in State ex rel Adams v. Butler, supra.
Finally, the defendant argues that the trial judge erred in imposing excessive sentences. Defendant asks that he be resentenced with consideration given to the new sentencing guidelines promulgated by the Louisiana Sentencing Commission and referred to in LSA-C.Cr.P. art. 894.1 However, as stated above, defendant's sentences are being vacated and his case is being remanded for resentencing on the armed robbery conviction only. Defendant's right to appeal his sentence received on remand is reserved to him.
Thus, for the reasons stated above, we vacate defendant's conviction and sentence for attempted first degree murder on double jeopardy grounds. We affirm defendant's armed robbery conviction but vacate his sentence on that conviction. We remand this case to the trial court for resentencing.
CONVICTION AND SENTENCE FOR ATTEMPTED FIRST DEGREE MURDER VACATED; CONVICTION FOR ARMED ROBBERY AFFIRMED; SENTENCE FOR ARMED ROBBERY CONVICTION VACATED; CASE REMANDED FOR RESENTENCING.
NOTES
[1] Defendant has not challenged the denial of his second supplemental motion for new trial in this appeal.