643 So.2d 284 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Calvin Jerome WILLIAMS, Defendant-Appellant.
No. 26230-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
Rehearing Denied October 20, 1994.
*285 Arthur Gilmore, Jr., Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., L. Douglas Lawrence, Asst. Dist. Atty., for appellee.
Before MARVIN, NORRIS and LINDSAY, JJ.
MARVIN, Chief Judge.
Calvin Jerome Williams was convicted by a jury of the armed robbery and attempted first degree murder of Charles Accardo, a convenience store clerk, for which crimes he was sentenced to concurrent hard labor terms of 30 years without benefit of parole, probation or suspension of sentence and 45 years, respectively. Williams appeals his convictions and the excessiveness of his sentences. LRS 14:64, 27, 30. Superfluously, he also seeks error patent review. CCrP Art. 920(2).
The evidence in this record is sufficient to convict Williams of both offenses beyond a reasonable doubt in accord with the standards of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Notwithstanding this conclusion, Williams may not be convicted of both the armed robbery of Accardo and of the attempted first degree murder of Accardo, i.e., an attempted specific intent killing committed during the perpetration of an armed robbery, without violating double jeopardy. U.S. Const.Amend. 5; LSA-Const. Art. I, § 15; State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); State v. Lee, 554 So.2d 180 (La. App.2d Cir.1989).
The court in Adams recognized the "interdependent" character of sentences imposed for multiple convictions arising from a single course of conduct. When one such conviction is jeopardy-barred, Adams directs that the conviction and sentence for the less severely punishable offense should generally be vacated, and the matter remanded to the trial court to resentence the defendant on the remaining offense, to a term which is no more severe than the original composite sentence, if such resentencing is not precluded by circumstances peculiar to the case, such as a plea agreement limiting the defendant's sentencing exposure on the more severely punishable offense. 558 So.2d at 554.
This record reveals no impediment to resentencing Williams on the more severely punishable offense of armed robbery, which we find was sufficiently proved beyond a reasonable doubt, for the reasons stated below. Applying the general rule of Adams, we vacate the conviction and sentence for attempted first degree murder, the less severely punishable offense. With respect to the armed robbery, we affirm the conviction but vacate the sentence, and remand for resentencing to a term not exceeding the original composite sentence. See State v. Dubaz, 468 So.2d 554 (La.1985), and State v. Stevenson, 597 So.2d 74 (La.App. 4th Cir. 1992), writ denied, 600 So.2d 637 (La.1992).
In the light of this disposition, we need not review Williams' original sentences for excessiveness.
Williams has apparently been in jail since his February 1993 arrest for the two crimes. At sentencing in November 1993, the trial court did not grant Williams credit for time served, as mandated by CCrP Art. 880. Two other charges were then pending against Williams, according to the PSI. Upon resentencing, the trial court is directed to grant Williams credit for time served against the armed robbery sentence if the time he has served after his arrest has not been credited against any sentence he may have received for other pending charges noted in the PSI. State v. Jackson, 582 So.2d 915 (La.App.2d Cir.1991).

SUFFICIENCY OF EVIDENCE
The store clerk at the Circle K store in Bastrop, Charles Accardo, identified Williams as his assailant in a photographic lineup and at trial. Accardo was unflinching in his identification, explaining that Williams was a regular customer of the store who had been there three times on the night in question without incident. On his fourth visit and after he went to the bathroom, Williams came up behind Accardo, who was standing *286 at the cash register, tapped Accardo on the shoulder, pulled out a knife, and said he "wanted the money." Accardo opened the cash register and handed Williams "plenty of dollar bills" from the register.
Still wielding the knife, Williams led Accardo into a room in the back of the store, where he stabbed Accardo three times, twice in the chest and once in the neck. Williams then obtained a glass coffee pot from the sink and struck Accardo's head with it, causing the glass to break. Williams also threw a metal canister at Accardo, which struck Accardo on the head and hand, breaking one of his fingers.
The attack on Accardo ended only when a customer entered the store. Exiting the back room and walking out of the store with his hands in his pockets, Williams speedily drove away in a yellow and white Ford Elite, which he had often driven when patronizing the store on his numerous past visits. Although Williams was not apprehended immediately, his car was found at a local apartment complex within hours of the offense, with twelve one-dollar bills scattered on the front seat and floorboard. These dollar bills were admitted as evidence, but could not be definitively traced as having come from the Circle K store.
Williams contends the evidence is insufficient to convict him of armed robbery because state failed to prove that something of value was taken from the cash register under Accardo's control. Williams maintains Accardo's testimony that Williams took money from the cash register is insufficient to prove this element of the offense because it was not corroborated by other evidence positively identifying the dollar bills found in Williams' car as having come from the store's cash register.
The victim's testimony, if believed by the trier of fact, is generally sufficient to prove the factual elements of armed robbery, even without corroborating scientific or physical evidence such as marked money. See and compare State v. Turner, 591 So.2d 391 (La.App.2d Cir.1991), writ denied. In assessing the evidence for legal sufficiency under Jackson v. Virginia, supra, we view it in the light most favorable to the prosecution, without disturbing reasonable credibility calls made by the trier of fact. Turner, supra; State v. Rogers, 494 So.2d 1251 (La.App.2d Cir.1986), writ denied.
The jury obviously believed Accardo's testimony that Williams took money from the store's cash register under Accardo's control. This testimony was sufficient to prove that something of value was taken, irrespective of whether the dollar bills scattered in Williams' car were positively shown to have come from the cash register. Williams does not otherwise complain of any insufficiency in the state's evidence identifying him as the person who committed the crime, nor does he argue that he was not armed with a dangerous weapon when he took the money.
The evidence in this record allows a rational factfinder to conclude that each essential element of armed robbery was proved beyond a reasonable doubt.

DECREE
We vacate and set aside, on double jeopardy grounds, the conviction and sentence for attempted first degree murder. We affirm the armed robbery conviction, vacate the sentence for that offense, and remand to allow resentencing to a term not exceeding the original composite sentence. At resentencing, the trial court is directed to grant Williams credit for time served against his sentence for armed robbery if the time he has served since his arrest has not been credited against any sentence he may have received for other pending charges.
AFFIRMED IN PART, VACATED IN PART AND REMANDED.

APPLICATION FOR REHEARING
Before MARVIN, NORRIS, LINDSAY, HIGHTOWER and STEWART, JJ.
Rehearing denied.